■ In the Matter of the Claim of BENNIE FAIR, Respondent, v. STANDARD MILLING Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. This in an appeal by the employer and insurance carrier from a decision of the Workmen's Compensation Board which reopened two closed claims and awarded compensation payable equally by each claim. For convenience, the two claims involved in this appeal will be referred to as the "back claim" and the "heart claim". The record establishes that the back claim resulted from an injury which occurred October 17, 1948. No compensation was ever paid for lost time or wages in connection with this claim. However, the carrier did pay for medical expenses connected with the back claim. In April of 1959 the claimant and the appellant made a joint application for approval of a nonschedule adjustment (settlement) which provided that any compensation paid would not be chargeable to the back claim. Thereafter, however, the attorneys and the board inadvertently confused the case numbers and the decision of the board approving the settlement charged the settlement against the back claim. We find that the board could rescind its former decision of September 21, 1959 in view of the actual intent of the parties when such intent was brought to the attention of the board. We further find that

the board cannot make an award in regard to the back claim against the appellants because of section 25-a of the Workmen's Compensation Law. The record establishes the heart claim resulted from an accident which occurred September 13, 1951. Compensation for lost wages was paid on this claim until the nonschedule settlement referred to above was made in 1959. Since the board has rescinded its order approving the lump-sum settlement, and has found that there was a permanent total disability at the time of the settlement, we find that the appellants remain responsible for compensation in regard to this claim. The board has, however, found that each accident contributes equally to the permanent total disability. Decision reversed insofar as the award relates to the back claim, and matter remitted for further proceedings not inconsistent with this decision, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.